**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

LUCIA GRANDE,

Plaintiff,

v.

CAROLYN COLVIN, Acting Commissioner, Social Security Administration,

Defendant.

Case No. 5:14-cv-05181-PSG

**ORDER RE: MOTIONS FOR SUMMARY JUDGMENT**

**(Re: Docket Nos. 16, 19)**

At issue before the court is whether the administrative determination that Plaintiff Lucia Grande's thyroid condition was not severe and that Grande was not disabled within the meaning of the Social Security Act prior to December 31, 2011 is supported by substantial evidence. Because the ALJ's reasons for finding Grande's thyroid condition is non-severe are not supported by the record as a whole, and because the ALJ failed to provide sufficient reasons for discrediting the medical opinions of Grande's treating physicians, the ALJ's decision is not supported by substantial evidence. The court GRANTS Grande's motion for summary judgment and remands for further proceedings in accordance with this ruling. The Commissioner's motion for summary judgment is DENIED.

**I.**

Through its administrative law judges, the Commissioner of Social Security determines the disability status of claimants by following a five-step evaluation process.[1] The five-step evaluation process is identical in applications for supplemental security income[2] and disability insurance benefits.[3]

At step one, the ALJ must determine if the claimant is engaged in substantial gainful activity. If so, the claimant is not disabled.[4] If not, the ALJ continues to step two.

At step two, the ALJ must determine whether the claimant has a medical impairment or combination of impairments that is severe and meets the duration requirement in Section 404.1509.[5] An impairment or combination of impairments is not severe if the evidence establishes only a slight abnormality or combination of abnormalities that would have no more than a minimal effect on an individual's ability to work.[6] If the impairment is severe, the analysis proceeds to step three.

At step three, the ALJ must determine whether the claimant's impairment meets or medically equals the criteria of an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[7] If so, the claimant is disabled.[8] If not, the analysis proceeds to step four.

---

[1] *See* 20 C.F.R §§ 404.1520, 416.920.

[2] *See* 20 C.F.R. § 416.920.

[3] *See, e.g., Bowen v. Yukert*, 482 U.S. 137, 140 (1986); *see also*, 20 C.F.R. § 404.1520.

[4] *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

[5] *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

[6] *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

[7] *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

[8] *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

At step four, the ALJ must first evaluate the claimant's residual functional capacity (RFC) based on all relevant medical and other evidence.[9] The ALJ must then determine whether the claimant is able to perform the requirements of her past relevant work in light of her RFC.[10] If the claimant is not able to perform any past relevant work or does not have any past relevant work, the analysis proceeds to the final step.

At step five, the ALJ must determine whether the claimant is able to do any other work considering her RFC, age, education, and work experience.[11] At this stage, the Commissioner bears the burden of proving other work exists in significant numbers in the national economy considering the claimant's RFC.[12] If the claimant cannot make an adjustment to other work, she is disabled.[13]

Grande suffers from a combination of physical and mental impairments, namely hypothyroidism, generalized anxiety and depression. Grande applied for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act. After her application was denied, Grande requested a hearing before an administrative law judge.[14] At the hearing, the ALJ found that Grande was disabled as of April 1, 2012 and was therefore entitled to supplemental security income.[15] The ALJ also found that Grande was not disabled within the meaning of the Social Security Act at any time up through December 31, 2011, the last

---

[9] *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[10] *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

[11] *See* 20 C.F.R §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[12] *See* 20 C.F.R. § 404.1512(f).

[13] *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

[14] *See* Docket No. 14-5 at 21.

[15] *See* Docket No. 14-3 at 20-21.

United States District Court
For the Northern District of California

date that Grande was insured, and therefore was not eligible for disability insurance benefits.[16] After the Appeals Council denied Grande's subsequent request for review, the ALJ's decision became the final decision of the Commissioner.[17]

In her motion for summary judgment, Grande challenges the ALJ's finding that she was not disabled within the meaning of the Social Security Act before December 31, 2011.[18] In particular, Grande contends: (1) the ALJ's decision that Grande's thyroid condition was non-severe in that period is not supported by substantial evidence; (2) there is not substantial evidence to support the ALJ's decision to ignore the opinions of Grande's treating physicians, Dr. Shakir and Dr. Kardong; and (3) the letters submitted by Grande's physicians to the Appeals Council further demonstrate that the ALJ's decision is not supported by substantial evidence.[19] Grande therefore requests reversal and instructions for the immediate award of benefits or, alternatively, that the case be remanded for a new hearing.[20]

The Commissioner opposes Grande's motion and likewise moves for summary judgment on the basis that the ALJ's assessment of Grande's medical impairments and her decision to ignore the opinions of Grande's treating physicians are supported by substantial evidence.[21] Alternatively, even if reversible error is present, the Commissioner contends that remand for a new hearing, not immediate award of benefits, is the appropriate remedy.[22]

---

[16] *See id*.

[17] *See* Docket No. 14-3 at 2.

[18] *See* Docket No. 16.

[19] *See id*. at 11-13.

[20] *See id*. at 13.

[21] *See* Docket No. 19 at 2.

[22] *See id*. at 8.

**II.**

This court has jurisdiction under 28 U.S.C. § 1331. The parties further consented to the jurisdiction of the undersigned magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 72(a).[23] The court finds this motion suitable for disposition on the papers in light of this court's local rules and procedural order.[24]

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The court may set aside the Commissioner's decision when the ALJ's findings are based on legal error or are not supported by substantial evidence considering the record as a whole.[25] "Substantial evidence" means "more than a mere scintilla, but less than a preponderance"[26] and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[27] In determining whether substantial evidence supports an ALJ's subsidiary factual determinations, the court may not substitute its judgment for that of the ALJ, but must nonetheless weigh both evidence supporting and detracting from the ALJ's conclusion.[28] In affirming the ALJ, the court

---

[23] *See* Docket Nos. 10, 12.

[24] *See* Docket No. 6; Civ. L.R. 7–1(b) ("In the Judge's discretion, or upon request by counsel and with the Judge's approval, a motion may be determined without oral argument or by telephone conference call."); Civ. L.R. 16–5.

[25] *See Bray v. Comm'r of the Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009); *Aukland v. Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir. 1996).

[26] *Bray*, 554 F.3d at 1222.

[27] *Id.*

[28] *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

United States District Court
For the Northern District of California

may not consider alternative supporting grounds, but instead must rely only on the reasons provided by the ALJ.[29]

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities."[30] Generally, "the opinion of a treating physician must be given more weight than the opinion of a reviewing physician."[31] To reject a treating physician's opinion that is not contradicted, the ALJ must provide "clear and convincing reasons that are supported by substantial evidence."[32] If the evidence is susceptible to more than one rational interpretation, the court must uphold the Commissioner's decision.[33]

Usually, "[i]f additional proceedings can remedy defects in the original administrative proceeding, a social security case should be remanded."[34] The Ninth Circuit has devised a three part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical

---

29 *See Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003)).

30 *See Garrison*, 759 F.3d at 1010 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

31 *See Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014).

32 *Id*. at 1161 (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)).

33 *See Andrews*, 53 F.3d at 1039-40.

34 *See Garrison*, 759 F.3d at 1019 (citing *Lewin v. Schweiker*, 654 F. 2d 631, 635 (9th Cir. 1981)).

opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[35]

**III.**

Because the court agrees with Grande that the ALJ partially erred in her decision, the court grants Grande's motion and remands as follows.

***First***, there is not substantial evidence to support the ALJ's determination at step two that Grande's thyroid condition was not severe. The ALJ found that as of the alleged onset date of September 20, 2011, the medical records maintained by Grande's treating physicians reflect a stable thyroid condition following the treatment for hypothyroidism.[36] In support of this view, the ALJ cites portions of Grande's medical reports from her treating physicians, which they created between May 2011 and January 2013.[37]

Rather than demonstrate that Grande's thyroid condition was stable during this time period, these selections indicate that Grande's physicians made multiple adjustments to her thyroid medications, and that Grande exhibited abnormal TSH levels and varying results for T3 and T4 thyroid hormones in her lab reports.[38] Moreover, these results are consistent with other portions of Grande's medical record indicating adjustments to her thyroid medications[39] and low TSH levels.[40] Because the ALJ failed to provide any other basis for finding Grande's thyroid condition was not

---

[35] *See Garrison*, 759 F.3d at 1020-21; *Lingenfelter*, 504 F.3d at 1041; *Orn v. Astrue*, 495 F.3d 625, 640 (9th Cir. 2007); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004); *Smolen*, 80 F.3d at 1292.

[36] *See* Docket No. 14-3 at 24.

[37] *See id.* (citing Docket No. 14-9 at 38, 40, 45, 57-59, 69).

[38] *See, e.g.*, Docket No. 14-9 at 45, 59, 69.

[39] *See id.* at 48.

[40] *See id.* at 53.

United States District Court
For the Northern District of California

severe, this decision is not supported by substantial evidence. Consequently, the ALJ's assessment of Grande's RFC at steps four and five also are not supported by substantial evidence.

***Second***, the ALJ erred in discrediting the opinions of Grande's treating physicians, Dr. Kardong and Dr. Shakir. Generally, an ALJ may only reject the opinion of a treating physician if she provides "specific and legitimate reasons that are supported by substantial evidence."[41] Here, the ALJ provided three primary reasons for discrediting the opinions of Dr. Kardong and Dr. Shakir with respect to the severity of Grande's depression and anxiety before April 2012.

The ALJ first noted that both Dr. Kardong's and Dr. Shakir's reports lacked foundation with regard to Grande's condition before the start of treatment.[42] The ALJ reasoned that these reports were not reliable because Dr. Kardong and Dr. Shakir had only been providing treatment for a short period when they offered their opinions; the ALJ also noted that Dr. Kardong and Dr. Shakir lacked personal knowledge of Grande's condition before they began treating her.

In reply, Grande explains that these opinions relied on the treatment notes of Dr. Grellet and Dr. Benson, who had treated Grande for depression since 2008, until referring her to Dr. Kardong and Dr. Shakir. Dr. Grellet and Dr. Benson prescribed medication for Grande's depression and changed the dosage several times. Thus, Grande contends that even though Dr. Kardong and Dr. Shakir did not personally care for Grande before September 2011 and January 2012, their opinions that Grande has suffered from severe depression and anxiety for two years before beginning treatment are supported by the medical record.[43]

---

[41] *See Ghanim*, 763 F.3d at 1161 (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008).

[42] *See* Docket No. 14-3 at 27 (explaining that the opinions are "vague and ambiguous as to the onset date of the assessed limitations, inconsistent with the record, and lack foundation").

[43] *See* Docket No. 20 at 2.

Generally, the ALJ will give more weight to opinions from treating sources.[44] The ALJ may, however, afford more or less weight to a treating source opinion based on the length of treatment and the frequency of examination.[45] Considering the short length of treatment, the ALJ properly recognized that Dr. Kardong's and Dr. Shakir's opinions should receive less weight. However, the limited duration of treatment and the lack of foundation before treatment do not provide substantial evidence for rejecting these opinions entirely, particularly with regard to the period after treatment began. Accordingly, this reason does not, by itself, provide substantial evidence to support the ALJ's decision to discredit these opinions entirely.

The ALJ next noted that Dr. Kardong's and Dr. Shakir's assessments largely relied upon subjective complaints and situational concerns expressed by Grande.[46] An ALJ may discount a treating physician's opinion that is largely based on a claimant's self-reports and not on clinical evidence if the ALJ determines that the claimant is not credible.[47] In assessing a claimant's credibility, "the ALJ must first determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged."[48] If so, "the ALJ can only reject the claimant's testimony about the severity of the symptoms if she gives 'specific, clear, and convincing reasons' for the rejection."[49]

Here, the ALJ determined that Grande's impairments "could reasonably be expected to cause the alleged symptoms; however, [her] statements concerning the intensity, persistence and

[44] *See Ghanim*, 763 F.3d at 1160.

[45] *See, e.g.*, 20 C.F.R. § 404.1527(c)(2)(i).

[46] *See* Docket No. 14-3 at 26-27.

[47] *See Ghanim*, 763 F.3d at 1163 (citing *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009)).

[48] *Id.*

[49] *Id.*

limiting effects of these symptoms [were] not entirely credible."[50] Grande testified that she could not work because her impairments caused her to experience low energy and motivation, difficulty with sustained concentration, memory, staying on task and difficulty communicating with the public.[51] However, the ALJ found that Grande's own reports "reflect her doing well in response to drug therapy and that despite her alleged social phobia she has engaged in social activities, she has regularly cared for herself, and began going to college again in September 2011."[52] The ALJ further noted that these reports were not contradicted by subsequent treatment records, medical opinions or other record evidence through March 31, 2012.

In light of these inconsistencies, the ALJ determined that Grande's testimony was only partially credible. It was therefore appropriate for the ALJ to afford *less* weight to Dr. Kardong's and Dr. Shakir's opinions, which relied upon these self-assessments. There was not, however, substantial evidence to support the ALJ's decision to discredit these opinions *in their entirety*. As a result, Dr. Kardong's and Dr. Shakir's reliance on Grande's self-assessments does not provide substantial evidence to support the ALJ's decision to summarily reject these opinions.

Finally, the ALJ reasoned that Dr. Kardong's notes are inconsistent with the overall record and that Dr. Shakir's notes reflect a positive response to treatment, which is inconsistent with the limitations assessed.[53] Although "[a] conflict between treatment notes and a treating provider's

---

[50] *See* Docket No. 14-3 at 29.

[51] *See id*.

[52] *Id*. The ALJ further explained that on July 6, 2009, the claimant did not feel that her symptoms were the cause of an inability to work; however, this testimony is less relevant for determining the severity of Grande's impairments at the alleged onset date of September 1, 2011, and therefore lends little support to the ALJ's credibility determination.

[53] *See* Docket No. 14-3 at 27.

opinion may constitute an adequate reason to discredit the opinions of a treating physician,"[54] such notes must be "read in context of the overall diagnostic picture."[55] Here, the longitudinal medical record demonstrates that Grande often fluctuated between feeling better and worse and that, as treatment progressed, Grande's depression and anxiety worsened.[56] As a result, the fact that Dr. Kardong and Dr. Shakir noted some positive responses to treatment does not provide sufficient basis for discrediting these opinions entirely.

In sum, the ALJ provides several specific reasons for rejecting the opinions of Dr. Kardong and Dr. Shakir regarding the severity of Grande's impairments. Although these reasons provide substantial support for the position that these treating source opinions should not be afforded full (much less controlling) weight, they do not support the ALJ's determination that these opinions should be ignored altogether. Accordingly, the decision to reject these opinions for any consideration of the severity of Grande's depression and anxiety conditions is not supported by substantial evidence.[57]

***Finally***, the court must consider whether to credit-as-true the opinions of Dr. Kardong and Dr. Shakir and grant Grande's request for an instruction directing the immediate award of benefits. Under the Ninth Circuit's credit-as-true standard, the court may reverse a decision of the Commissioner with instructions for the immediate award of benefits if: (1) the record has been

---

[54] *See Ghanim*, 763 F.3d at 1161.

[55] *Id*. at 1162 ("The fact that a person suffering from depression makes some improvement 'does not mean that the person's impairment no longer seriously affects his ability to function in a workplace.'").

[56] *See, e.g.*, Docket No. 14-9 at 4-5.

[57] Having established that the ALJ erred in concluding that Grande's hypothyroidism was non-severe and in discrediting the treating source opinions, it is unnecessary for this court to decide whether the newly-submitted letters from Dr. Shakir and Dr. Grellet provide additional information that would further demonstrate that the ALJ's decision is not supported by substantial evidence. *See* Docket No. 14-9 at 86-87, 89. The court therefore does not reach that argument.

**United States District Court**
For the Northern District of California

fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.[58]

As discussed above, the ALJ erred by wholly rejecting the opinions of Dr. Kardong and Dr. Shakir. Nevertheless, there is substantial evidence to support the conclusion that these opinions should not receive full weight. Accordingly, further administrative proceedings are necessary to determine what weight should be given to Dr. Kardong's and Dr. Shakir's opinions. Because the record has not been fully developed on this point, reversal with instructions for the award of benefits under the credit-as-true standard is not warranted at this time.

**IV.**

For these reasons, the court GRANTS Grande's motion for summary judgment and the ALJ's decision is reversed and remanded for further proceedings consistent with this opinion. The Commissioner's motion for summary judgment is DENIED.

**SO ORDERED.**

Dated: November 24, 2015

PAUL S. GREWAL
United States Magistrate Judge

[58] *See Garrison* 759 F.3d at 1020-21; *Lingenfelter*, 504 F.3d at 1041; *Orn*, 495 F.3d at 640; *Benecke*, 379 F.3d at 595; *Smolen*, 80 F.3d at 1292.